Lawrence J. Semenza, III, Esq., Bar No. 7174
Email: ljs@semenzarickard.com
Katie L. Cannata, Esq. Bar No. 14848
Email: klc@semenzarickard.com
SEMENZA RICKARD LAW
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669
*Attorneys for Defendant Las Vegas Metropolitan Police Department*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD LOPEZ, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>THE RIDGES COMMUNITY ASSOCIATION, a Nevada Non-Profit Corporation; HOWARD HUGHES PROPERTIES, INC., a Nevada Corporation; PRIME COMMUNITY MANAGEMENT LLC, a Nevada Limited Liability Company; MONTE MILLER, an individual; BARBARA VENEZIA, an individual; TYLER BRADY, an individual; APRIL PARSONS, an individual; SALLY ARNOLD, an individual; KIRBY GRUCHOW, JR., a single man; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; CLARK COUNTY DISTRICT ATTORNEY'S OFFICE (AGNES BOTHELHO, ESQ.), a political subdivision of the State of Nevada and Clark County Board of Commissioners; AND JUDGE ERIC GOODMAN, a married man,<br><br>Defendants. | Case No.: 2:25-cv-02434-GMN-MDC<br><br>***EMERGENCY* MOTION TO EXTEND TIME FOR DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>**(First Request)** |

Defendant Las Vegas Metropolitan Police Department ("LVMPD"), by and through its attorneys of record, hereby moves for an extension of time in which to respond to Plaintiff Richard Lopez's ("Plaintiff") Complaint [ECF No. 2] (the "Motion").

1

This Motion is based upon the following Memorandum of Points and Authorities, the papers and pleadings on file herein and any oral argument the Court wishes to entertain.

Dated this 31st day of December 2025.

                                          SEMENZA RICKARD LAW

                                          */s/ Katie L. Cannata*
                                          Lawrence J. Semenza, III, Esq., Bar No. 7174
                                          Katie L. Cannata, Esq. Bar No. 14848
                                          10161 Park Run Drive, Ste. 150
                                          Las Vegas, Nevada 89145
                                          *Attorneys for Defendant Las Vegas Metropolitan Police Department*

2

**DECLARATION OF KATIE L. CANNATA, ESQ. IN SUPPORT OF *EMERGENCY* MOTION TO EXTEND TIME FOR DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT TO RESPOND TO PLAINTIFF'S COMPLAINT (First Request)**

I, KATIE L. CANNATA, state and declare as follows:

1.  I am a Senior Associate with Semenza Rickard Law, counsel for Defendant Las Vegas Metropolitan Police Department ("LVMPD"). I make the following Declaration in support of the instant Emergency Motion to Extend Time for LVMPD to Respond to Plaintiff Richard Lopez's ("Plaintiff") Complaint (First Request) (the "Motion"). I have personal knowledge of the facts contained in this Declaration and if called to do so, would testify competently thereto.

2.  On or about December 30, 2025, my law firm was retained on this matter by LVMPD. That same day, my law firm was informed that LVMPD had been served with the Summons and Complaint on December 10, 2025 – thereby presumably making its responsive pleading due on or before December 31, 2025, *i.e.* one day following counsel's retention. Upon learning of the December 31, 2025 deadline, my law firm immediately began preparing the instant Motion.

3.  Given my firm's recent retention, additional time is required to, among other things, (1) review Plaintiff's claims, (2) analyze whether Plaintiff's claims were timely brought within the applicable statute of limitations period(s) (among other things), (3) review the underlying case file, and (4) prepare a responsive pleading. As of the date of this declaration, my law firm is actively working to accomplish the foregoing. I believe that the requested two-week extension will provide my firm with sufficient time to perform these necessary tasks.

4.  Considering the current deadline for LMVPD to file a responsive pleading (*i.e.* December 31, 2025), the instant Motion is brought on an emergency basis. The nature of the emergency is straightforward: to avoid an attempt by Plaintiff to default LVMPD, an extension of the responsive pleading deadline is necessary. As set forth in the Motion, LVMPD's failure to respond to Plaintiff's Complaint on or before the deadline was justified. Among other reasons, my law firm was retained the day before the foregoing responsive pleading was due. In addition, good cause exists to grant the requested extension up to and including January 14, 2026. A two-week

extension of the responsive pleading deadline will not impose unreasonable delays or prejudice Plaintiff. Rather, a brief extension will ensure that LVMPD has a fair opportunity to respond to Plaintiff's claims. Thus, to avoid a future default against LVMPD, I respectfully request that this Motion be heard on an emergency basis pursuant to LR 7-4.

5. The instant Motion is not made to delay proceedings or for any improper purpose. The parties affected by this Motion are as follows:

> Richard Lopez
> 101 Convention Center Drive, Suite 1005
> Las Vegas, Nevada, 89109
> rick_lopez_fwd@yahoo.com

6. A filed copy of this Motion is being mailed to Plaintiff at the address identified above on December 31, 2025. My firm is also serving a copy of this Motion to the e-mail address registered for e-service of filings in this matter, *i.e.* rick_lopez_fwd@yahoo.com.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

DATED this 31st day of December, 2025

/s/ Katie L. Cannata
KATIE CANNATA

4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

### A. Plaintiff's Allegations

According to the Complaint, Plaintiff was previously elected to serve as a board member of The Ridges Community Association (the "HOA"). (*See* ECF No. 2.) Thereafter, Plaintiff contends that he purportedly engaged in whistleblowing activities regarding the HOA's alleged financial misconduct – and was thereby subject to retaliatory and/or discriminatory actions by the HOA, Howard Hughes Properties, Inc., Prime Community Management, LLC, certain affiliated individuals and the Las Vegas Metropolitan Police Department ("LVMPD"). (*Id.*) Among other things, Plaintiff appears to allege that LVMPD colluded with other named defendants to bring DUI charges and a second criminal action against him. (*Id.*) Plaintiff further alleges that LVMPD failed to adequately investigate these and other criminal allegations against him. (*Id.*)

### B. Pertinent Procedural Background

Plaintiff filed his Complaint on December 9, 2025. (ECF No. 2.) Thereafter, on December 10, 2025, LVMPD was served with the Summons and Complaint. (ECF No. 7.)

On or about December 30, 2025, Semenza Rickard Law was retained on behalf of LVMPD. (Decl., ¶ 2.) Upon being retained, counsel learned that LVMPD had been served with the Summons and Complaint on December 10, 2025 – thereby presumably making its responsive pleading due on or before December 31, 2025, *i.e.* one day following counsel's retention. (*Id.*)

Considering that counsel was only recently retained in this matter, LVMPD hereby respectfully requests that the Court grant an extension of two (2) weeks in which to file a responsive pleading to Plaintiff's Complaint. The foregoing extension will ensure that LVMPD's counsel has sufficient time to review the underlying case file, as well as Plaintiff's claims, prior to filing a responsive pleading in this action. For these reasons, and those discussed below, good cause exists to extend the responsive pleading deadline to January 14, 2026.

///
///
///

## II. ARGUMENT

### A. Good Cause Exists to Grant LVMPD a Two-Week Extension to Respond to the Complaint

Pursuant to Federal Rule of Civil Procedure 6(b), a party may seek an extension of time upon a showing of "good cause" for acts that "must be done within a specified time." Fed. R. Civ. Pro. 6(b)(1). These requests may be made "with or without motion… before the original time or its extension expires[.]" Fed. R. Civ. Pro. 6(b)(1); *see also* LR IA 6-1(a).

Generally, a good cause analysis turns on whether the subject deadline cannot reasonably be met despite the exercise of diligence. *See e.g., Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). Importantly, it is well within the Court's discretion to grant the requested extension. *Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048 (9th Cir. 2018) (the district court may grant motions for an extension of time upon a finding of good cause); *see also Amateur Athelitic Union of United States, Inc. v. Williams,* No. 223CV00864ARTBNW, 2023 WL 5170505, at *2 (D. Nev. Aug. 10, 2023) (finding good cause to grant an extension to file an answer to a complaint). "[R]equests for extensions of time made ***before*** the applicable deadline has passed should 'normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* (citing 4B Wright & Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

If the foregoing standard is met, such requests are typically granted. *See Kerner v. U.S. Veteran Affs. Med. Ctr.,* No. 2:23-CV-01872-JAD-MDC, 2025 WL 315146, at *2 (D. Nev. Jan. 28, 2025).

Here, good cause clearly exists to grant LVMPD's request for a two-week extension in which to file its responsive pleading, up to and including January 14, 2026. As set forth above, counsel for LVMPD was only recently retained in this matter. (*Id.* at ¶ 2.) Given their recent retention, counsel requires additional time to (1) review Plaintiff's claims, (2) analyze whether Plaintiff's claims were timely brought within the applicable statute of limitations period(s) (among other things), (3) review the underlying case file, and (4) prepare a responsive pleading. (*Id.* at ¶ 4.) Counsel believes that the requested two-week extension will provide sufficient time to perform

Case 2:25-cv-02434-GMN-MDC    Document 23    Filed 01/08/26    Page 7 of 9

these necessary tasks. (*Id.* at ¶ 5.) Moreover, and as established herein, the requested extension is not the result of undue delay and will not prejudice Plaintiff at these early stages of the proceedings.

Accordingly, good cause exists to extend the deadline for LVMPD's responsive pleading deadline to January 16, 2026.

### III.  CONCLUSION

Based upon the foregoing, LVMPD respectfully requests that the Court grant the instant Motion and extend the deadline in which to respond to Plaintiff's Complaint to January 16, 2026.

Dated this 31st day of December, 2025.

                                                      SEMENZA RICKARD LAW

                                                      */s/  Katie L. Cannata*
                                                      Lawrence J. Semenza, III, Esq., Bar No. 7174
                                                      Katie L. Cannata, Esq. Bar No. 14848
                                                      10161 Park Run Drive, Ste. 150
                                                      Las Vegas, Nevada 89145

                                                      *Attorneys for Defendant Las Vegas Metropolitan Police Department*

IT IS SO ORDERED. For good cause shown, I GRANT the motion nunc pro tunc.

                                                      _____
                                                      Hon. Maximiliano D. Couvillier III
                                                      United States Magistrate Judge
                                                      Dated:1-8-26

# CERTIFICATE OF SERVICE

I am employed by the law firm of Semenza Rickard Law in Clark County, Nevada. I am over the age of 18 and not a party to this action. The business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

On the 31st day of December 2025, I served the document(s), described as:

***EMERGENCY* MOTION TO EXTEND TIME FOR DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT TO RESPOND TO PLAINTIFF'S COMPLAINT**

☒   by sending   ☐ an original   ☒ a true copy

☒   a.  via **CM/ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

Richard Lopez, rick_lopez_fwd@yahoo.com
*Plaintiff Pro Se*

Freeman Mathis & Gary
James Lovett, II, james.lovett@fmglaw.com
Derek R Noack, derek.noack@fmglaw.com
*Attorneys for Defendants Sally Arnold, Tyler Brady, Monte Miller, April Parsons, Barbara Venezia, Prime Community Management LLC and The Ridges Community Association*

Brownstein Hyatt Farber Schreck, LLP
Patrick J Reilly, preilly@bhfs.com
*Attorneys for Defendant Howard Hughes Properties Inc.*

☒   b.  **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid. I am readily familiar with Semenza Rickard Law's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day, which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

Richard Lopez
101 Convention Center Drive, Suite 1005
Las Vegas, Nevada, 89109
*Plaintiff Pro Se*

☐   c.  **BY PERSONAL SERVICE.**

///

8


1  ☒  d. **BY DIRECT EMAIL.**

2  Richard Lopez, rick_lopez_fwd@yahoo.com
   *Plaintiff Pro Se*
3

4  ☐  e. **BY FACSIMILE TRANSMISSION.**

5      I declare under penalty of perjury that the foregoing is true and correct.

6

7                      */s/ Olivia A. Kelly*
                         An Employee of Semenza Rickard Law

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

9