# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Richard Lopez,

                                Plaintiff,

vs.

The Ridges Community Association., et al.,

                                Defendants.

Case No. 2:25-cv-02434-GMN-MDC

**ORDER GRANTING MOTION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY (ECF NO. 22) AND GRANTING MOTION TO STAY DISCOVERY (ECF NO. 27)**

The Court has considered the pro se plaintiff's *Motion for Pro Se Litigant to File Electronically* (ECF No. 22) and the defendants' *Motion to Stay Discovery* (ECF No. 27). The Court **GRANTS** both motions.

## I.    MOTION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY (ECF NO. 22)

Under Local Rule IC 2-1(b), a pro se litigant may request the Court's authorization to register as a filer in a specific case. Plaintiff states that he has internet access and an email account. *ECF No. 22*. Because the Court finds that plaintiff is capable of filing electronically, it grants the motion.

## II.    MOTION TO STAY DISCOVERY (ECF NO. 27)

The Court finds staying discovery is appropriate in this case.  Federal courts have the "power to stay proceedings [it] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil

1

Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). The Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.*

The defendants filed a motion to dismiss, in which they argue that plaintiff has failed to state a claim. *ECF No. 17*. Plaintiff argues generally that he will need discovery to prove his claims, but he does not state that he needs discovery to resolve the motion to dismiss. *ECF No. 36*. Reviewing the Motion to Stay in the light most favorable to the plaintiff, the Court finds that the plaintiff will not be prejudiced by a short stay of discovery, as no discovery is needed to determine whether the plaintiff has stated a claim. Plaintiff's concerns regarding needing discovery to prove his claims are broad and are not sufficient to preclude a temporary stay.

The defendants, on the other hand, would be prejudiced if discovery commenced now because it would effectively deny them of their argument that plaintiff failed to state a claim. Allowing the case to move forward would also prejudice the defendants given that plaintiff's claims, and discovery, may at least be narrowed which would decrease the expense of litigation. The Court finds that the motion to dismiss can be decided without further discovery. The Court also finds good cause to stay discovery until the Court resolves the issues the defendants raise in the motion to dismiss.

//

//

**IT IS ORDERED** that:

1.  Plaintiff's Motion for Pro Se Litigant to File Electronically (ECF No. 22) is GRANTED.

    a.  Plaintiff is authorized to register as a filer in this case.

    b.  Plaintiff shall familiarize himself with the Local Rules pertaining to filing electronically. See LR IC 2-1 and 2-2.

    c.  Plaintiff must submit a completed registration form available on the Court's website.

    d.  Plaintiff shall comply with the following procedures to activate a CM/ECF account:

        i.  Plaintiff must become familiar with the Electronic Filing procedures and events menus, obtain a PACER account, and obtain an CM/ECF login and password from the District of Nevada by submitting a completed registration form on the Court's website.

    e.  Plaintiff must read and comply with the guidelines for e-filing available both on the Court's website and here at https://perma.cc/2NCZ-T2WX.

    f.  Plaintiff must review Judge Couvillier's Standing Order (ECF No. 1) regarding filing documents prepared with the assistance of Artificial Intelligence.

2.  Defendants' *Motion to Stay Discovery* (ECF No. 27) is **GRANTED.**  Discovery in this matter shall be stayed pending resolution of defendants' motion to dismiss (ECF No. 17).

3.  If the Court denies' the defendants' motion to dismiss (ECF No. 17), <u>within two weeks of the entry of the Court's order</u>, the parties shall meet and confer and file the parties shall meet and confer and file a stipulated discovery plan and scheduling order incompliance with Local Rule 26-1.

Dated:  February 27, 2026

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**