**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICHARD LOPEZ,

     Plaintiff,

  vs.

THE RIDGES COMMUNITY
ASSOCIATION, *et al.*,

     Defendants.

Case No.: 2:25-cv-02434-GMN-MDC

**ORDER GRANTING MOTIONS TO DISMISS**

  Pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendants The Ridges Community Association, Prime Community Management LLC, Monte Miller, Barbara Venezia, Tyler Brady, April Parsons and Sally Arnold (collectively the "Ridges Defendants"). Also pending before the Court is the Motion to Dismiss, (ECF No. 15), filed by Defendants Clark County District Attorney's Office and Eric Goodman. Further pending before the Court is Defendant Las Vegas Metropolitan Police Department's ("LVMPD") Motion to Dismiss, (ECF No. 17). Plaintiff Richard Lopez filed an Ominibus Response, (ECF No. 42), to which the Defendants replied, (ECF Nos. 38, 37, 39). Also pending before the Court is Defendant Kirby Gruchow, Jr.'s Motion to Dismiss under Nevada Revised Statute 41.660, (ECF No. 30), and a Motion to Dismiss, (ECF No. 31). Plaintiff filed a Response, (ECF No. 36), to which Defendant replied, (ECF Nos. 43, 44). Finally pending before the Court is Plaintiff's Motion for Leave to File Sur-Reply, (ECF No. 50).[1]

---

[1] Plaintiff seeks leave to file a surreply to respond to Defendants' anti-SLAPP arguments, litigation privilege, and the underlying criminal proceedings. (Mot. File Sur-Reply 2:7–9, ECF No. 50). However, because the Court finds that all claims are time-barred or subject to judicial immunity, the Court need not consider Plaintiff's surreply and thus DENIES it as moot. Further, the Court strikes Plaintiff's Supplements, (ECF Nos. 51, 68, 69), because "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g).

## I.    BACKGROUND

This case arises from Defendants' alleged financial malfeasance and subsequent retaliation against Plaintiff for whistleblowing. (Compl. ¶ 1, ECF No. 2).  Plaintiff alleges that, upon his election to The Ridges Community Association Board of Directors, he discovered improprieties in the association's finances. (*Id.* ¶ 10).  Plaintiff alleges that the financial malfeasance occurred between 2010 and 2020. (*Id.* ¶¶ 4, 25).  When he sought to reveal the Ridges Defendants' financial misconduct, Plaintiff alleges that members of the Community Association, through their attorney, Defendant Kirby Gruchow, Jr., conspired with Defendant LVMPD and Defendant Clark County District Attorney's office ("CCDA") to harass and retaliate against him. (*See generally id.*).  Plaintiff also alleges that Defendants Sally Arnold, April Parsons, and Gruchow filed a false police report against him in retaliation. (*Id.* ¶¶ 21, 27).  He further pleads that Judge Eric Goodman, who presided over Plaintiff's criminal cases that resulted from the police reportes, was compromised due to his personal connections with the Ridges Defendants. (*Id.* ¶¶ 29, 37).  Plaintiff alleges that in the criminal cases, LVMPD and CCDA conspired to withhold evidence and delay his trial. (*Id.* ¶¶ 15–16).

On January 22, 2022, Plaintiff met with a forensic accountant, who he alleges verified the existence of the accounting fraud. (*Id.* ¶ 14).  Plaintiff also claims that Defendant Howard Hughes Properties, Inc. prevented a more thorough audit of the Ridges Community Association's accounting practices. (*Id.*).

On December 9, 2025, Plaintiff filed this action, alleging constitutional violations under 42 U.S.C. § 1983, discrimination under 42 U.S.C § 2000(d), and violations of the Fair Housing Act ("FHA") as well as state law claims for intentional infliction of emotional distress, negligence, judicial misconduct, defamation, breach of fiduciary duty, civil conspiracy, and accounting fraud.

## II.    LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant. . . undue prejudice to the opposing party by virtue of. . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.    DISCUSSION

All Defendants, except Howard Hughes Properties, Inc., move to dismiss Plaintiff's Complaint. (*See generally* Ridges Mot. Dismiss ("MTD"), ECF No. 10); (CCDA MTD, ECF No. 15); (LVMPD MTD, ECF No. 17); (Gruchow MTD, ECF No. 31).  They argue that

Plaintiff fails to state any claim upon which relief can be granted.  Alternatively, Defendants assert that all the claims except that of judicial misconduct are time-barred. (Ridges MTD 14:9–16:12); (LVMPD MTD 6:19–8:9); (Gruchow MTD 3:12–13).  LVMPD, Gruchow, and the Ridges Defendants also filed Requests for Judicial Notice, (ECF Nos. 11, 19, 32), which the Court considers first before turning to the Motions to Dismiss.

**A.  Judicial Notice**

The parties request that the Court take notice of the Register of Actions ("ROA") for the charges resulting from the alleged false police reports mentioned in the Complaint.  Specifically, the parties ask the Court to take judicial notice of the ROA of Plaintiff's first criminal case, *State of Nevada v. Richard Daniel Lopez,* No. 18-M-24307X, and the ROA of Plaintiff's second criminal case, *State of Nevada v. Lopez, Richard Daniel*, No. 21-CR-039820.  The parties seek to introduce the ROAs to establish the date the charges were filed for purposes of determining the statute of limitations for Plaintiff's claims.

A court may take judicial notice of a fact that is "not subject to reasonable dispute" in that the fact "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Judicial opinions, other court records, and matters of public record are properly subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).  Specifically, the Court may judicially notice the existence of another court's decision—which includes the stated reasoning of the authoring court as well as the date of the decision—and other filings made in the case, but not the facts recited in that decision or other filings. *Id.* Courts are especially warranted in taking judicial notice of related proceedings in another (or

the same) court if those proceedings have a "direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Plaintiff argues that because the ROA in Case No. 21-CR-039820 does not contain a transcript of the bench trial, the Court should instead only rely on an official transcript. (Omnibus Resp. 3:17–4:3, ECF No. 42). However, the Court is only relying on the ROAs to establish dates for the purposes of claim accrual; it is not weighing the facts or disposition of either criminal case. Significantly, Plaintiff does not challenge the accuracy of the dates in the ROAs.

Because Defendants seek to introduce the ROAs, official court documents, to establish the date the police reports were filed to determine claim accrual dates, and the accuracy of the document is not the subject of reasonable dispute, the Court takes judicial notice of the date of the court documents, but not the facts recited in them.

**B. Motions to Dismiss**

The Court next addresses the pending Motions to Dismiss filed by the Ridges Defendants, CCDA and Judge Goodman, LVMPD, and Gruchow. Because Defendants seek to dismiss each of Plaintiff's claims, the Court examines each of the ten claims in turn.

**1. Retaliation under § 1983**

Plaintiff first brings a claim for retaliation under 42 U.S.C. § 1983 against all Defendants. Under § 1983, a plaintiff may bring an action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Here, Plaintiff alleges that Defendants retaliated against him, including by filing false police reports, for exercising his right as a whistleblower. (Compl. ¶ 33). Defendants argue that Plaintiff's § 1983 is barred by the statute of limitations. (Ridges MTD 14:21–23); (LVMPD MTD 6:25–7:7); (Gruchow MTD 3:12–13).

The applicable statute of limitations for § 1983 actions, regardless of the facts or legal theory underlying a particular case, is the forum state's statute of limitations for personal injury actions. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Dec. 13, 1999).  In Nevada, the statute of limitations for filing a personal injury action is two years. Nev. Rev. Stat. 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).  Federal law, however, determines when a claim accrues for a § 1983 action. *See Elliott v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir. 1994).  A claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

Here, Plaintiff claims that the retaliation and harassment began "within weeks after he first reported allegations of financial misconduct at an HOA open session meeting." (Compl. ¶ 11).  The final instance of retaliation that Plaintiff alleges is the filing of false police reports, two years after he resigned from the board and moved out of the Ridges. (*Id.* ¶ 27).  The police report was filed on August 25, 2021. (ROA No. 21-CR-039820, Ex. 1 to Ridges Request Judicial Notice, ECF No. 11-1).  Because Plaintiff's claims are based on actions that occurred on August 25, 2021—which Plaintiff knew or should have known caused him injury—the statute of limitations on his § 1983 claim expired on August 25, 2023.  Thus, Plaintiff's § 1983 claim, which commenced on December 9, 2025, with the filing of the original Complaint, is barred by the statute of limitations unless a tolling provision applies.

Plaintiff does not argue that the claim should be tolled; rather, he argues that because the date of accrual is not facially apparent in the Complaint, the statute of limitations bar should not apply. (Resp. to Gruchow 5:13–15, ECF No. 36); (Omnibus Resp. 7:24).  But Plaintiff cannot avoid the statute of limitations by omitting the date of the alleged violation from his Complaint. *Nat. Res. Def. Council v. Bernhardt*, 820 F. App'x 520, 524 (9th Cir. 2020) (explaining a plaintiff "cannot, through careful pleading, avoid an otherwise applicable statute of

limitations") (internal quotation and citation omitted).  Alternatively, Plaintiff claims that the retaliation has been ongoing and therefore requires factual development. (Resp. to Gruchow 5:13); (Omnibus Resp. 7:23).  However, Plaintiff has not alleged any specific instances of ongoing retaliation after the 2021 police report.  Rather, he acknowledges that he moved out of The Ridges two years before the police report was filed; all other specific allegations of retaliation appear to have occurred while he still lived there. (*See* Compl. ¶ 27).  Moreover, Plaintiff does not file points and authorities to support his argument that the continuing violations doctrine is applicable to his § 1983 retaliation claim. *See* LR 7-2(d).

Because the Court finds that on August 25, 2021, Plaintiff knew or should have known of the alleged retaliation, his § 1983 claim expired on August 25, 2023.  Because Plaintiff filed this action on December 9, 2025, the Court finds that the claim of retaliation under § 1983 is barred by the statute of limitations and amendment would not cure it.  The Court therefore GRANTS the Motions to Dismiss Plaintiff's § 1983 claim and denies Plaintiff leave to amend.[2]

### 2. Discrimination under 42 U.S.C. § 2000(d)

Plaintiff next alleges that all Defendants discriminated against him in violation of 42 U.S.C. § 2000(d), Title VI of the Civil Rights Act. (Compl. ¶ 34).  Defendants argue that this claim is likewise barred by the statute of limitations. (Ridges MTD 15:3–4); (LVMPD MTD 8:7–9); (Gruchow MTD 15:7–10).

Claims brought under Title VI are treated similarly to those brought under § 1983 for statute of limitations purposes. *Taylor v Regents Univ. of California,* 993 F.2d 710, 712 (9th Cir. 1993). ("[C]laims brought under 42 U.S.C. § 2000d are governed by the same state limitations period applicable to claims brought under § 1983.").  Thus, the two-year statute of limitations also applies.

---

[2] Plaintiff noticed the Court that he intends to request leave to amend. (Notice of Intent to Seek Leave to Amend, ECF No. 57).  However, because the deficiency in this claim would not be cured by amendment, the Court does not grant leave to amend.

Plaintiff does not allege specific instances of discrimination, but, construing Plaintiff's Complaint liberally, the Court finds the latest conduct that could be considered an allegation of discrimination is the adjudication of Plaintiff's harassment charge which occurred on August 4, 2022. (ROA No. 21-CR-039820, Ex. 1 to Ridges Request Judicial Notice).  Applying the two-year statute of limitations, the claim expired on August 4, 2024.

Plaintiff again argues that the statute of limitations does not apply because the bar is not facially apparent from the Complaint. (Resp. to Gruchow 5:13–14); (Omnibus Resp. 7:24). However, as discussed above, Plaintiff cannot avoid the statute of limitations by omitting dates in his Complaint.  Moreover, Plaintiff's Complaint does not allege any conduct after the 2021 police report and subsequent adjudication, so it is clear from the face of the Complaint and the judicially noticed records, that the actions forming the basis for this claim ended in 2022. Because the claim expired on August 4, 2024, and Plaintiff filed his claim on December 9, 2025, the Court finds that the Title VI claim is barred.  The Court therefore GRANTS the Motions to Dismiss this claim and denies Plaintiff leave to amend.

### 3. Intentional Infliction of Emotional Distress

Plaintiff's third claim, pled against all Defendants, is a state law claim for Intentional Infliction of Emotional Distress ("IIED").  In Nevada, the statute of limitations for a claim of IIED is two years. Nev. Rev. Stat. ("NRS") 11.190(4)(e); *Russo v. Shac, LLC*, 498 P.3d 1289 *3 (Nev. App. 2021) (unpublished disposition).  "The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990).  Here, Plaintiff alleges that he suffered severe psychological trauma based on Defendants' collusion with law enforcement, harassment, and filing of false police reports.  Because the final action that Plaintiff alleges caused him harm, i.e., the filing of the police report on August 25, 2021, the Court finds that the claim accrued from that date.  The statute of limitations thus expired

two years later on August 25, 2023.  Again, Plaintiff argues that the time bar is not facially apparent in the Complaint. (Gruchow Resp. 5:13–14); (Omnibus Resp. 7:24).  Which again, the Court finds unpersuasive.  The Court therefore finds that Plaintiff's claim of IIED is time-barred.  Because amendment would not cure the deficiency, the Court GRANTS Defendants' Motions to Dismiss the IIED claim and denies Plaintiff leave to amend.

### 4.  Negligence

Plaintiff's fourth cause of action is a state law claim for negligence, alleged against Defendant LVMPD and CCDA for failure to adequately investigate police reports leading to Plaintiff's wrongful prosecution. (Compl. ¶ 36).  LVMPD argues that the negligence claim is time-barred. (LVMPD MTD 3:9–14).  In Nevada, personal injury actions, including negligence, are subject to a two-year statute of limitations. Nev. Rev. Stat. 11.190(4)(e).  The claim accrues when the wrong occurred and a plaintiff sustained injuries. *Peterson*, 792 P.2d at 20.  Plaintiff's claim against LVMPD stems from his two arrests on October 31, 2018, and August 25, 2021. (ROA 18-M-24307X, Ex. A to LVMPD Request for Judicial Notice); (ROA 21-CR-039820, Ex. A to Ridges Req. for Judicial Notice).  The Court finds that the last date on which this claim could have accrued is August 4, 2022, the date of the adjudication of Plaintiff's second criminal charge.[3] (ROA 21-CR-039820, Ex. A to Ridges Defendants Request for Judicial Notice).  The statute of limitations therefore ran until August 4, 2024.

Because Plaintiff filed his Complaint on December 8, 2025, more than a year after the statute of limitations expired, the Court finds that the negligence claim is time-barred, and amendment would be futile.  The Court therefore GRANTS the Motions to Dismiss the negligence claim against LVMPD and CCDA and denies plaintiff leave to amend.

---

[3] Plaintiff contends that the second criminal case is still ongoing.  However, the actions following the August 4, 2022, disposition are for bench warrants issued for Plaintiff's failure to appear in court.  Because the Court finds that the negligence claim against LVMPD arose on August 4, 2022, the date of disposition, Plaintiff may not toll his claim due to his failure to appear in court, and subsequent bench warrants.  The bench warrants, and subsequent incarceration, are based on Plaintiff's own conduct, not that of Defendants.

### 5.  Judicial Misconduct

Plaintiff's fifth cause of action is alleged against Defendant Judge Eric Goodman for wrongful prosecution and failure to recuse himself. (Compl. ¶ 37).  Judge Goodman argues that he is protected by absolute judicial immunity. (CCDA MTD 7:28–8:1).

Judges enjoy absolute immunity from civil liability, even if their action was in error, done maliciously, or in excess of their authority. *Meeks v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).  Judicial immunity applies unless the challenged conduct is accompanied by a clear absence of all jurisdiction or where the challenged conduct is not judicial in nature. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  Courts determine whether an act is judicial in nature by considering whether: (1) the act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around the case pending before the judge; and (4) the events at issue arose out of confrontation with the judge in his or her official capacity. *Meeks*, 183 F.3d at 967.

Plaintiff argues that judicial immunity does not apply to "structural due process" claims. (Omnibus Resp. 4:7–20).  He argues that claims are not barred when they concern administrative or non-judicial conduct, acts taken in absence of jurisdiction, or structural due process involving tribunal neutrality. (*Id.* 4:9–12).  Plaintiff here is specifically challenging Judge Goodman's impartiality in his criminal cases, claiming Judge Goodman allowed procedural delays that violated Plaintiff's right to a speedy trial. (Compl. ¶¶ 27, 37).  Significantly, Plaintiff does not dispute that Judge Goodman's actions were judicial in nature: he is challenging the procedure of his two criminal cases. (*Id.*).  Plaintiff does not allege any conduct that was not part of Judge Goodman's normal judicial function or that did not concern the cases before Judge Goodman.

Because Plaintiff has failed to allege either extrajudicial conduct not covered by immunity, or actions taken outside of Judge Goodman's jurisdiction, the Court finds that

absolute judicial immunity applies.  The Court therefore GRANTS the Motion to Dismiss Plaintiff's judicial misconduct claim and denies Plaintiff leave to amend.

### 6.  Defamation

Plaintiff's sixth claim is a state law claim for Defamation and False Reporting, alleged against the individual Ridges Defendants. (Compl. ¶ 38).  Specifically, Plaintiff alleges that the individual Ridges Defendants filed false and defamatory police reports, resulting in damage to Plaintiff's reputation. (*Id.*).  In Nevada, the statute of limitations for defamation is two years; the cause of action arises when the plaintiff discovered it. NRS 11.190 (4)(c).  *Lahren v. Nevada Sys. Of Higher Educ.*  238 P.3d 831, at *1 (Nev. 2008) (unpublished disposition).

Here, Plaintiff does not allege any defamatory conduct after the filing of the police report on August 25, 2021.  The Court therefore finds that August 25, 2021, is the last date on which Plaintiff discovered the alleged defamatory statements.  The claim therefore expired two years later, on August 25, 2023.

Because the Court finds Plaintiff brought his claim after the statute of limitations had expired, the Court GRANTS the individual Ridges Defendants Motion to Dismiss the defamation claim and denies Plaintiff leave to amend.

### 7.  Breach of Fiduciary Duty

Plaintiff's seventh claim is a state law claim for breach of fiduciary duty against the Ridges Defendants in their capacity as board members of the HOA. (Compl. ¶ 39).  The Ridges Defendants argue that the claim is subject to either a two- or four-year statute of limitations and is therefore time-barred. (Ridges MTD 15:10–11).  Under Nevada law, claims for breach of fiduciary duty are treated like fraud claims, and are therefore subject to a three-year statute of limitation. Nev. Rev. Stat. 11.190(3)(d); *Stalk v. Mushkin*, 199 P.3d 838, 844 (Nev. 2009) ("[C]laims for breach of fiduciary duty based on fiduciary relationships other than attorney-client are akin to fraud claims, subject to the limitation period set forth under NRS

11.190(3)(d)."). The claim accrues when the breach is discovered or should have been discovered. *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011).

Plaintiff alleges financial malfeasance on the part of the HOA and its members between 2010 and 2020 giving rise to the breach of fiduciary duty. (Compl. ¶ 25). Plaintiff also consulted a forensic accountant on January 22, 2022, who allegedly confirmed Plaintiff's suspicions of financial malfeasance. (*Id.* ¶ 14). Because the Court construes the evidence in the light most favorable to the non-moving party, the Court accepts that January 22, 2022, is the date of discovery pled in the Complaint, and therefore the date of accrual, for the breach of fiduciary duty claim. The three-year statute of limitation then expired on January 22, 2025, almost 11 months before Plaintiff filed his Complaint.

His claim for breach of fiduciary duty is therefore time-barred and the Court GRANTS the Motion to Dismiss this claim. The Court denies Plaintiff leave to amend.

### 8. Conspiracy to Commit Fraud

Plaintiff's eighth claim is a state law claim for civil conspiracy to commit fraud, alleged against the Ridges Defendants. (*Id.* ¶ 40). The Ridges Defendants argue that this claim is also barred by the statute of limitations. (Ridges MTD 15:12–13). In Nevada, civil conspiracy has a four-year statute of limitations. Nev. Rev. Stat. 11.220, *Siragusa v. Brown,* 971 P.2d 801, 807 (Nev. 1998). The claim accrues from "the date of the injury, rather than the date the conspiracy is discovered." *Siragusa*, 971 P.3d at 807.

Plaintiff alleges that the fraud, and accompanying conspiracy, were committed between 2010 and 2020. (Compl. ¶ 25). The date of discovery provided by Plaintiff is January 22, 2022, when he allegedly confirmed the fraud with a forensic accountant. (*Id.* ¶ 14). However, because a claim for conspiracy accrues at the time of the injury, rather than discovery, the Court finds that the latest date of injury alleged in the Complaint is 2020. (*See* Compl. ¶ 25). Any claim arising from conspiracy would then extinguish in 2024, almost a year prior to

Plaintiff's filing of the Complaint.  The Court therefore finds that Plaintiff's claim for civil conspiracy is time-barred, and GRANTS the Motion to Dismiss this claim.  The Court denies Plaintiff leave to Amend.

### 9.  Accounting Fraud

Plaintiff's ninth claim is for accounting fraud and embezzlement, brought against the Ridges Defendants. (Compl. ¶ 41).  The Ridges Defendants argue that the claims are subject to either a two or four-year statute of limitations and are subsequently time-barred. (Ridges MTD 15:14–15).  In Nevada, the statute of limitation for claims arising from fraud is three years. Nev. Rev. Stat. 11.190(3)(d).  The claim accrues when the "injured party discovers or reasonably should have discovered facts supporting a cause of action." *Petersen,* 792 P.2d at 20.

Here, the latest date Plaintiff could have discovered the fraud was January 22, 2022, during the meeting with the forensic accountant. (Compl. ¶ 14).  Applying the three-year statute of limitations, the latest date to file a claim was January 22, 2025.  Because Plaintiff filed his Complaint on December 8, 2025, the Court finds that his claim is time-barred.  The Court thus GRANTS the Motion to Dismiss Plaintiff's fraud claim.  And denies Plaintiff leave to amend.

### 10.  Discriminatory Housing Practices

Plaintiff's final claim is for discriminatory housing practices under the Fair Housing Act ("FHA"), alleged against the Ridges Defendants.  The Ridges Defendants argue that the claim is subject to a one or two year statute of limitations and is therefore time-barred. (Ridges MTD 15:16–17).  Claims brought under the Fair Housing Act are subject to a two-year statute of limitation. 42 U.S.C. § 3613(a)(1)(A).  The statute may be tolled pending administrative proceedings. 42 U.S.C. § 3613(a)(1)(B).

Here, Plaintiff alleges that the 2021 police report was filed more than two years after he moved out of The Ridges. (Compl. ¶ 27).  The latest date that he resided at The Ridges was

therefore in 2019.  Because any conduct giving rise to a claim under the FHA therefore accrued in 2019, or earlier, the claims expired in 2021 at the latest.  The Court therefore finds that all claims relating to discriminatory housing practices are barred by the statute of limitations and GRANTS the Motion to Dismiss this claim.

Defendant Howard Hughes Properties, Inc. did not file a motion to dismiss.  However, because the Court finds that all Plaintiff's claims fail as a matter of law, it *sua sponte* dismisses Howard Hughes Properties as a defendant.[4]

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the Ridges Defendants' Motion to Dismiss, (ECF No. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Clark County District Attorney's Office and Eric Goodman's Motion to Dismiss, (ECF No. 15), is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Las Vegas Metropolitan Police Department's Motion to Dismiss, (ECF. No. 17), is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Kirby Gruchow, Jr.'s Motion to Dismiss, (ECF No. 31), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to file Sur-Reply, (ECF No. 50), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the following ECF Nos. are **STRICKEN**: ECF Nos. 51, 68, 69

---

[4] A trial court may dismiss claims *sua sponte* under Fed. R. Civ. P. 12(b)(6). *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir.1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 593 (1969)). "Such a dismissal may be made without notice where the claimant cannot possibly win relief," as is the case here. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

The Clerk of Court is kindly directed to close the case.

**DATED** this __18__ day of June, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court